**RETAIL CLERKS UNION, LOCAL 770, et al., Appellees,**

v.

**RETAIL CLERKS INTERNATIONAL ASSOCIATION et al., Appellants.**

**No. 72-3119.**

United States Court of Appeals, Ninth Circuit.

April 19, 1973.

Stuart L. Kadison (argued), Thomas J. McDermott, Jr., Joseph A. Murray, Jr., Richard T. Williams, Kadison, Pfaelzer, Woodard & Quinn, Los Angeles, Cal., for appellants.

Alan D. Croll (argued), Frank Rothman, Stuart A. Benjamin, Gary G. Neustadter, Wyman, Bautzer, Rothman & Kuchel, Beverly Hills, Cal., Albert Brundage, Brundage, Neyhart, Miller, Ross & Reich, Los Angeles, Cal., for appellees.

Before CARTER, CHOY and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

An international union appeals a district court injunction which delayed the

imposition of a trusteeship upon a local union until after the completion of hearings within the framework of the International's by-laws and the provisions of 29 U.S.C. §§ 462–464.

On October 7, 1972, the local filed a complaint in the district court seeking damages and an injunction to remedy alleged harassment of local members in the course of an investigation by the International into alleged corruption at the local level. On October 28, 1972, the International's president sent a letter to the local purporting to impose a trusteeship, and on November 1 the International sought the aid of the court in enforcing the trusteeship. The district court ordered hearings and stayed the imposition of the trusteeship pending their completion.

The International argues here that because the International's president had in his own mind determined that an "emergency" existed within the meaning of the International's constitution, the district court had no discretion to decide for itself the nonexistence of an emergency sufficient to warrant the imposition of a trusteeship pending a full hearing.

In the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 531, 29 U.S.C. §§ 462–464, Congress limited in various ways the purposes for which and the procedures by which a trusteeship may be imposed upon a local union. The trusteeship must be imposed in accordance with the constitution and by-laws of the international; it can only be imposed for certain defined purposes; it must be authorized or ratified by a fair hearing.

Congress did not provide that the hearing must be held in all cases before trusteeship can be imposed. The Second Circuit, in the context of a threatened illegal strike against the Postal Service, has held that a trusteeship may be imposed provisionally before the hearing, subject to ratification thereafter, and that the district court should look only into the "good faith" of the international in imposing the trusteeship. National Ass'n of Letter Carriers v. Sombrotto, 449 F.2d 915 (2d Cir. 1971). The international urges that this "good faith" standard should be applied not only to the question of the necessity for the trusteeship but also to the determination that an emergency exists.

The Fifth Circuit has held that the district court has discretion to decide whether the hearing should precede or follow the trusteeship. Bailey v. Dixon, 429 F.2d 1321 (5th Cir. 1970). During the pendency of this appeal the District of Columbia Circuit held invalid a trusteeship imposed without a prior hearing, holding, "[a]bsent a reasonable belief in the necessity for immediate action, all practical steps must be taken to afford a hearing *before* a trusteeship is imposed." U.M.W. Local 13410 v. U.M.W., 475 F.2d 906 (D.C.Cir., 1973) (emphasis in original).

■■ We hold that the district court does have discretion to determine whether it could reasonably be said that an emergency exists, and that the district court acted within its discretion when it ordered the trusteeship stayed pending a hearing in this case. Congress recognized that the imposition of a trusteeship is an extraordinary intrusion into the affairs of a local union. Such a step should not be taken without a prior hearing, absent some necessity for immediate action.

In the case before us, the claim of emergency was based on some allegedly nonconforming contracts which had been negotiated by the Local but whose implementation had been delayed by order of the International, and on a questionable financial transaction which had taken place six years previously. The district court was warranted in finding that the International produced no facts showing a necessity for immediate action, particularly in view of contemporaneous protective orders entered by the court to preserve assets and to prevent further contracts from being made.

While maintenance of the status quo by injunction will not always be possible

or desirable, and while initial deference should be given to the International's finding that an emergency exists, the district court acted properly in this case.

Affirmed.