**HOTEL & RESTAURANT EMPLOYEES AND BARTENDERS INTERNATIONAL UNION, and Marcel A. Kenney, Trustee of Hotel, Motel, Restaurant, Construction Camp Employees and Bartenders Union Local 879, Plaintiffs-Appellants,**

v.

**Kay ROLLISON, Richard O'Neill, and all others similarly situated, Defendants-Appellees.**

Nos. 78–3142, 78–3666.

United States Court of Appeals, Ninth Circuit.

Jan. 11, 1980.

As Amended Jan. 29 and March 14, 1980.

Rehearing Denied April 4, 1980.

Robert M. Goldberg, Goldberg & Elliott, Anchorage, Alaska, for plaintiffs-appellants.

Dan Siegel, Oakland, Cal., for defendants-appellees.

Before CHAMBERS and TANG, Circuit Judges, and THOMPSON,* District Judge.

TANG, Circuit Judge.

Appellant Hotel and Restaurant Employees and Bartenders International Union (International Union) appeals from two decisions by the district court affecting the International Union's ability to establish a trusteeship over the Hotel, Motel, Restaurant, Construction Camp Employees and Bartenders Union Local 879 (Local). In No. 78–3142, the district court [1] granted in part and denied in part the International Union's motion for a preliminary injunction. The portion denied is the basis of this appeal. In No. 78–3666, the district court [2] denied the International Union's motion for summary judgment, modified the previous order on the motion for preliminary injunc-

tion, and deferred further action until NLRB proceedings and a Department of Labor investigation were completed.

We affirm the orders and rulings of the district court.

*Issues on Appeal*

(1) Whether the district court abused its discretion by granting in part and denying in part the International Union's motion for a preliminary injunction,[3] thus allowing the elected officers of the Local to continue to administer the day-to-day affairs of the Local pending a hearing and decision on the validity of the trusteeship established by the International Union.

(2) Whether the district court erred in denying the International Union's motion for summary judgment.

(3) Whether the district court abused its discretion in deferring any further action until the NLRB proceedings and the Department of Labor investigations were completed.

*Statements of Facts*

In March of 1978, appellee Kay Rollison was installed as the Financial Secretary/Business Agent of the Local.[4] Her installation followed a year of bitter disputes between herself and the Local's previous administration which had the backing of the International Union.[5]

On August 24, 1978, Marcel Kenney[6] was appointed by the General President of the International Union pursuant to the International Union's Constitution to be International Trustee of the Local. The General Secretary/Treasurer of the International

---

* Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

1. The Honorable James M. Fitzgerald presiding.

2. The Honorable James A. von der Heydt presiding.

3. The portion of the motion granted by the district court gave the International Union immediate custody and control over all the books, materials, documents, and records of the Local which might be relevant to an investigation of charges pending against the Local.

4. Rollison had internal union charges brought against her and was barred from running in the

election just after she announced her candidacy. The district court, however, overturned this disciplinary action and ordered that Rollison be allowed to run.

5. Although elected to office by the membership, Rollison was not installed by the International Union. She filed a complaint with the Department of Labor which brought suit on her behalf. The district court ordered her installed in March of 1978.

6. Kenney was at this time International Vice President and Administrative Assistant to the General President of the International Union.

Constitution gave notice to the Local of the charges which necessitated the appointment of the trustee,[7] and informed the Local that the trustee would immediately take charge of Local affairs.

On September 6, 1978, Kenney arrived at the offices of the Local in Fairbanks, served notice that a trusteeship had been imposed, took custody of the Local's property and records, and had the locks changed on the Local's offices. Kenney terminated the employment of appellee Richard O'Neill and suspended all other Local officers, including Rollison. That evening, O'Neill, Rollison and others broke into and occupied the Local's offices.

The next morning, September 7th, Kenney served the trusteeship papers on Rollison.[8] She told Kenney at this time that she refused to honor the trusteeship. Kenney thereupon advised her he would take legal action to secure the trusteeship. That day, the Local's Executive Board met, voted to resist the trusteeship, and authorized Rollison to take all necessary legal action to carry out that decision.

On September 7th, appellants Kenney and the International Union (hereafter jointly referred to as International Union) filed a complaint in district court, seeking to prohibit appellees from interfering in any way with the operation of the trustee-ship. At the same time, the International Union also moved for a temporary restraining order and preliminary injunction enforcing the trusteeship.[9] The motion for a temporary restraining order was denied[10] and a hearing was set for September 11, 1978 on the motion for a preliminary injunction.

Following the September 11th hearing, a written order was issued by the district court on September 12, 1978, granting in part the motion for a preliminary injunction and denying it in part. The order recognized that an emergency existed regarding pending collective bargaining negotiations, contract negotiations and NLRB proceedings. The court ordered (1) that Kenney be given control of all materials relevant to the investigation of the Local; (2) that the International Union was authorized to conduct an audit of the Local; (3) that space in the Local's office be set aside for Kenney; and (4) suspended the Local's authority to engage in collective bargaining negotiations. In denying the motion in part, the court ordered that the Local's officers were authorized to carry on the day-to-day affairs of the Local pending the hearing of charges on September 20, 1978 and their subsequent disposition by the General President of the International Union.[11]

On October 11, 1978, the International Union moved for judgment by default, or,

---

7. The Notice of Charges listed seven violations:
　(1) Compensation of employees in violation of the International Union's Constitution;
　(2) Employment of an auditing firm in violation of the Local's bylaws;
　(3) Payment of expenses of certain officers in violation of the Local's bylaws;
　(4) The transfer of the Local's assets from one bank to another in violation of the Local's bylaws;
　(5) Failure upon a membership request to review phone calls, in violation of the Local's bylaws;
　(6) Failure of the Local to follow a direct order of the International President relative to a Collective Bargaining Agreement; and
　(7) That the Local's counsel believed the Local had a potential liability of $300,000 to $500,000 which could cause immediate bankruptcy.

8. Also on September 7, 1978, Kenney received a telegram from the General President of the International Union appointing him hearing of-ficer and setting a hearing on the charges against the Local for September 20, 1978.

9. The basis for these motions was the refusal of the appellees to honor the trusteeship, as well as the appellee's breaking, entering and occupation of the Local's offices on September 6, 1978.

10. The denial was based on jurisdictional questions.

11. The district court's order was as follows:
ORDER
"Pending disposition of the charges against Local 879 set for hearing on September 20, 1978, IT IS HEREBY ORDERED that:
　1. Trustee Marcel Kenney shall be given immediate custody and control of all books, and any other materials and documents, and records of Local 879 which may be relevant to the investigation of the pending charges against the Local.

alternatively, for summary judgment. That same day the appellees brought an action to overturn the trusteeship.[12]

Following a hearing, the district court issued its written order which (1) denied the International Union's motion for summary judgment; (2) vacated a portion of the September 12, 1978 order, thereby returning collective bargaining negotiating authority to the Local; and (3) held in abeyance further action in the cases until the Department of Labor and the NLRB completed their proceedings.[13]

The district court subsequently denied a motion by the International Union for a stay pending appeal to this court. The court reasoned that the Local had raised serious questions as to the good faith imposition of the trusteeship and the balance of hardships tipped strongly in favor of the Local's officers and the members they represented.

## I.

### Preliminary Injunction

■ The International Union first sought judicial aid to enforce its trusteeship and to evict the Local's elected officials from the Local's offices. The International Union is empowered by the Labor-Management Reporting and Disclosure Act of 1959, §§ 302–304 to impose a trusteeship if it does so in accordance with its constitution and bylaws. 29 U.S.C. § 462.[14] Although a trusteeship must be authorized or ratified by a fair hearing, Congress did not provide that the hearing must be held in all cases before a trusteeship can be imposed. This court has held that the district court has the discretion to determine whether it can reasonably be said that an emergency exists, thus justifying imposition of the trusteeship prior to a hearing. *Retail Clerks Union Local 770 v. Retail Clerks International Association*, 479 F.2d 54, 55 (9th Cir. 1973). In *Retail Clerks*, the court reasoned:

> "Congress recognized that the imposition of a trusteeship is an extraordinary intrusion into the affairs of a local union. Such a step should not be taken without a prior hearing, absent some necessity for immediate action."

*Id.* at 55.

■ The district court in the instant case did find that an emergency existed, but its

2. Plaintiff International may conduct an audit of the finances of Local 879, and shall be given the opportunity to examine any and all Local records necessary for this purpose.

3. A suitable office shall be set aside for use by Trustee Kenney in the offices of Local 879. Agents and employees of the Local shall cooperate fully in routing telephone calls and other communications to him. Trustee Kenney may post a sign in a conspicuous place in the offices of the Local, informing members of how they may contact him.

4. Authority of Local 879 to engage in collective bargaining negotiations is suspended. The parties may come promptly before this Court if further judicial action becomes necessary to respond to critical labor-management problems.

5. Authority of Local 879 to pursue its petition to the NLRB contrary to the order to the International President may be considered by this Court immediately upon application by the Trustee if further judicial action becomes necessary to respond to critical labor-management problems.

6. Except as provided herein, the elected officers of Local 879 shall continue to administer the day-to-day affairs of the Local pending the hearing of charges on September 20, 1978 and subsequent disposition by the General President of the International subject to continuing review necessary to perform the audit.

7. This Court shall remain available to the parties in the event that subsequent events necessitate immediate relief.

8. The International shall post a bond of $1,500 to secure performance of that part of this Order which relates to custody and control of relevant books, papers and documents.

12. Upon the International Union's motion, the district court ordered the two cases consolidated.

13. The court also entered a default judgment against appellee O'Neill and ordered the parties to keep the court informed of any relevant actions by the Department of Labor or the NLRB.

14. The International Union's Constitution and bylaws allow it to move into the Local and suspend all officers and bylaws, to appoint temporary officers, and to take custody and control over all payments, bills, books and documents.

holding is unique in that it granted only a partial trusteeship. The court suspended the Local's collective bargaining authority, provided Kenney with complete custody and control over all the books and records, but allowed the Local's elected officers to continue running the day-to-day affairs of the Local pending the hearing and disposition of charges by the International President.

In looking at the notice of charges, it is apparent that the charges are adequately safeguarded by having all the books and records of the Local immediately turned over to the control of the trustee and by suspending the authority of the Local to engage in collective bargaining. In light of the animosity that had existed between the Local's officers and the International Union since well before the trusteeship was declared, the district court provided a creative and carefully delineated compromise that protected both parties' concerns. An immediate prehearing trusteeship is an extraordinary intrusion into the affairs of a local union, and the district court did not abuse its discretion in designing a less drastic method which protected both the International Union's interest in reviewing the assets and transactions of the Local and the Local's interest in maintaining the day-to-day affairs of the membership.

## II.

### Summary Judgment [15]

■ Under Section 304 of the Labor-Management Reporting and Disclosure Act of 1959, a trusteeship imposed by a labor organization is subject to attack upon clear and convincing proof that it was not established or maintained in good faith for a purpose allowable under the Act. 29 U.S.C. § 464(c). The facts of this case support the district court's finding that, "It cannot be denied that these allegations raise serious questions about the good faith of the International and the validity of the trusteeship. Where the heart of the International's case is so vigorously contested, summary judgment is clearly inappropriate."

■ A district court may not order summary judgment where there arises a genuine issue of material fact. *See, e. g., Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 153, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Scharf v. U. S. Attorney General*, 597 F.2d 1240, 1242–1243 (9th Cir. 1979). As in cases where intent or motive is at issue, a court should be wary of granting summary judgment when good faith is in question. *Cf. Gard v. U. S.*, 594 F.2d 1230 (9th Cir. 1979). Given the substantial questions of fact regarding the good faith imposition of the trusteeship, denial of summary judgment was proper.[16]

## III.

### Deferral

■ The International Union argues that the district court abused its discretion in deferring further action until the NLRB proceedings and the Department of Labor investigations were completed. This deferral, however, is in accord with this court's

15. The appellees contend that this court should not consider the issue whether the district court erred in denying the International Union's motion for summary judgment, because a denial of a summary judgment motion is ordinarily not an appealable "final order." *Oppenheimer v. Los Angeles County Flood Control District*, 453 F.2d 895 (9th Cir. 1972). An order denying a motion for summary judgment is appealable, however, if the effect of the order is to deny a petition for preliminary injunction. 28 U.S.C. § 1292(a). See *Safe Flight Instrument Corp. v. McDonnell-Douglas Corp.*, 482 F.2d 1086, 1093 (9th Cir.), *cert. denied*, 414 U.S. 1113, 94 S.Ct. 843, 38 L.Ed.2d 740 (1973). The wording of the International Union's motion for summary judgment indicates it is asking essen-

tially the same relief as the original motion for an injunction pending the hearing. In that event, an appeal of the denial of summary judgment would be appropriate under 28 U.S.C. § 1292(a).

16. In a case involving a preliminary injunction against a trusteeship imposed by an international union, this court has stated, "Obviously, a trusteeship established for a purpose not enumerated in the statute would present quite serious questions worthy of litigation." *Benda Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 316 (9th Cir. 1978), *cert. dismissed* 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979).

opinion in *Benda v. Grand Lodge of International Association of Machinists*, 584 F.2d 308 (9th Cir. 1978) *cert. dismissed* —— U.S. ——, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979) in which we stated, "We hasten to add, however, that a district court should avoid, when possible, directly ruling on the merits of an unfair labor practice charge. Such deference will minimize conflicts with the Board and improve the administration of the labor laws." *Id.* at 314. Accordingly, the district court did not abuse its discretion in exercising this appropriate deference.[17]

Affirmed.

---

17. As to any issue regarding the district court's vacation of the order suspending the appellees' authority to engage in collective bargaining, this vacation is entirely consistent with the earlier order. Given the potential harm the Union members could suffer if no agent is allowed to negotiate and the fact that there were serious questions regarding the good faith of the International Union in imposing the trusteeship, the court properly vacated its earlier order. The International Union must first establish a valid trusteeship in order to bargain for the Local, and that issue has not yet been decided.