**William E. H. TAGUPA,**
**Plaintiff-Appellant,**

v.

**EAST–WEST CENTER, INC.; Cyrus Vance, individually and in his capacity as Secretary of State; Joseph Duffey, individually and in his capacity as Assistant Secretary of State; Griffin Bell, individually and in his capacity as Attorney General; and Drew Bays III, individually and in his capacity as Assistant Attorney General, Defendants-Appellees.**

No. 79–4023.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 10, 1980.

Decided Dec. 22, 1980.

Filed March 23, 1981.

Mark S. Davis, Honolulu, Hawaii, argued for plaintiff-appellant; William H. Tagupa on brief pro se.

Wallace W. Weatherwax, Honolulu, Hawaii, for defendants-appellees.

Before SKOPIL, FLETCHER and PRE-GERSON, Circuit Judges.

FLETCHER, Circuit Judge:

Tagupa brought this Title VI action against the East-West Center and a number

of its officers and employees alleging that he had been denied two graduate awards and a position in a graduate seminar. In his Third Amended Complaint, Tagupa added causes of action in the nature of mandamus against high officials of the State Department and the Justice Department. Tagupa claimed that these federal defendants had failed to carry out their duty to investigate his complaint of discrimination and to ensure the East-West Center's compliance with Title VI. The district court granted summary judgment for the federal defendants and dismissed the causes of action against them. We affirm.

I. JURISDICTION

Jurisdiction over this appeal is not conferred by 28 U.S.C. § 1291, contrary to Tagupa's assertion. The district court's order adjudicated the rights of fewer than all of the parties, and the district court did not certify the entry of a final judgment. Fed. R.Civ.P. 54(b).

Nevertheless, we find that we have jurisdiction under 28 U.S.C. § 1292(a)(1). In determining the appealability of an interlocutory order under 28 U.S.C. § 1292(a)(1), we "look to its substantial effect rather than its terminology." *United States v. Cities Service Co.*, 410 F.2d 662, 663 n.1 (1st Cir. 1969); *see Hotel & Restaurant Employees & Bartenders International Union v. Rollison*, 615 F.2d 788, 793 n.15 (9th Cir. 1980); *Adams v. Vance*, 570 F.2d 950, 953 (D.C.Cir.1978). Had Tagupa been successful in his mandamus action, the district court could properly have issued a mandatory injunction to compel the federal defendants to carry out their duties. *Crawford v. Cushman*, 531 F.2d 1114, 1126 nn. 15 & 16 (2d Cir.1976). The district court's order therefore had the substantial effect of refusing an injunction. We hold that it is appealable under 28 U.S.C. § 1292(a)(1).

II. MANDAMUS

Mandamus relief is available to compel a federal official to "perform a duty owed to the plaintiff," 28 U.S.C. § 1361, where "the [plaintiff's] claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free

from doubt." *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970).

Under 22 C.F.R. § 141.6(c), the State Department is required to investigate whenever a "compliance review, report, complaint, or any other information" indicates that a recipient of State Department funds may be in violation of Title VI. Tagupa never filed a formal complaint with the State Department. There is no evidence that the State Department was even aware of Tagupa's dispute with the East-West Center before he filed his Third Amended Complaint joining the federal defendants. Without such knowledge, the State Department had no duty to investigate.

Executive Order No. 11,764 and the other regulations Tagupa cites, 22 C.F.R. §§ 141.4, 141.5, 141.6(a); 28 C.F.R. § 42.1 *et seq.*, direct the State Department and the Justice Department to coordinate and enforce the requirements of Title VI. Even if the federal defendants had in some way abused their discretion or misapplied the law, mandamus relief would be unavailable because neither the Executive Order nor the regulations plainly prescribe any ministerial duties owed to Tagupa. *Jarrett v. Resor*, 426 F.2d at 216–17.

AFFIRMED.