Winifred J. **STOWERS**, Plaintiff,

v.

**Robert H. FINCH**, Secretary of Health, Education and Welfare, Defendant.

Civ. No. S–1330.

United States District Court, E. D. California.

Feb. 10, 1971.

Edgar A. Kerry, Abascal, Kerry & Haberfield, California Rural Legal Assistance, Marysville, Cal., for plaintiff.

William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

WILKINS, District Judge.

This is an action brought to review the denial of mother's and child's survival insurance benefits under the Social Security Action the plaintiff and to plaintiff's adopted child (hereinafter referred to as the child-claimant).

This case is purely one of law. The facts of the case are not in dispute and there is no dispute as to whether there was substantial evidence for the decision of denial by the hearing examiner and the Appeals Board, acting on behalf of the Secretary. The only dispute is as to the constitutionality of a section of the Social Security Act which has the manifest effect of denying benefits to the child-claimant.

Child-claimant was born out of wedlock on December 4, 1952. She was placed by her natural mother with the plaintiff and her husband, who was the insured in this case, at the age of one year. For a long time the insured and his wife wanted to adopt the child-claimant, but were prevented from doing so because they could not get the consent of the natural mother. Only after the death of the insured was the child-claimant adopted by plaintiff, with permission of her natural mother.

At the time of the insured's death, and for some time prior thereto, the insured and his wife were receiving contributions for the child-claimant's support under the Aid for Dependent Children program. This amounted to $80 at the time of the insured's death. It is the receipt of these payments which gives rise to the present controversy.

A brief review of the statutes conferring the right to insurance benefits is in order.

Section 202(g) of the Act, 42 U.S.C.A. Sec. 402(g) provides in pertinent part:

(1) The widow and every surviving divorced mother of an individual who died a fully or currently insured individual, if such widow * * *

(E) at the time of filing such application has in her care a child of such individual entitled to a child's insurance benefit,

shall be entitled to a mother's insurance benefit * * *.

Thus the mother's eligibility for the benefit depends upon her having an eligible child under her care.

Section 202(d) of the Act, 42 U.S.C.A. Sec. 402(d) provides in pertinent part:

(1) Every child (as defined in section 416(e) of this title) * * * of an individual who dies a fully or currently insured individual, if such child—

(A) has filed application for child's insurance benefits,

(B) at the time such application was filed was unmarried and * * had not attained the age of 18 * * and

(C) was dependent upon such individual—

(ii) if such individual has died, at the time of such death * * *

shall be entitled to a child's insurance benefit * * *.

Plaintiff has fulfilled conditions (A), (B), (C) and (ii). The only question is whether she meets the definition of "child" given in Section 416(e), Title 42 U.S.C. As it is written she does not. The section provides in pertinent part:

The term "child" means (1) the child or legally adopted child of an individual * * * For purposes of clause (1), a person shall be deemed, as of the date of death of an individual, to be the legally adopted child of such an individual if such person was at the time of such individual's death living in such individual's household and was legally adopted by such individual's surviving spouse after such individual's death but only if * * * (B) such child was adopted by such individual's surviving spouse before the end of two years after * * * the day on which such individual died * * *; *except that* this sentence shall not apply if at the time of such individual's death such person was receiving regular contributions toward his support from someone other than such individual or his spouse, or from any public or private welfare organization which furnishes services or assistance for children. (emphasis added)

Child-claimant fits this definition but for the "except" clause. At the time of the insured's death she was receiving $80 per month under the AFDC program.

Plaintiff challenges the constitutionality of the "except" clause. He argues that the except clause deprives the plaintiff and child of benefits without due process of law, and deprives them of equal protection of the law as required by the due process clause.

Plaintiff's brief goes on at great lengths about the statutory exception creating an unconstitutional presumption of no loss of support. We do not so read the statute. We read it as merely assuming that the amount of support provided by the welfare agency is substantial, and that the loss of income from the death of the insured, while it may deprive the child-claimant of some support benefits, will still leave her with enough income for support. This assumption or presumption can be easily rendered rebuttable and therefore valid even in plaintiff's eyes, simply by reading the term "regular contributions" to mean "substantial contributions." If the child-claimant is not receiving adequate amounts from the welfare organization she could then prove this and be entitled to the child's benefits.

Plaintiff also raises an equal protection argument. He argues that natural children and children adopted before the

insured's death are not treated in the way the exception clause treats the after-adopted child. This argument has some force to it. However, it still seems to me that Congress was entitled to put the actual natural children, and the children already adopted, in a somewhat better position than the later-adopted child. Congress was under no compulsion to treat these unlike classes alike. Clearly the natural-born child and an already adopted child would be in a closer relationship to an insured at the time of his death than the after-adopted child. Clearly Congress could make these ties of blood or adoption the governing factor in apportioning out differential treatment. This is not the case of class legislation without any reasonable basis.

It is therefore ordered that plaintiff's motion for summary judgment be, and the same is, hereby denied.

It is further ordered that defendant's motion for summary judgment be, and the same is, hereby granted.