Rene SOCKWELL, a minor, et al.,
Plaintiffs-Appellees,

v.

Francis MALONEY et al.,
Defendants-Appellants.

No. 974; Docket 76–7634.

United States Court of Appeals,
Second Circuit.

Argued May 5, 1977.

Decided May 12, 1977.

Francis J. MacGregor, Asst. Atty. Gen., Hartford, Conn. (Carl R. Ajello, Atty. Gen., Hartford, Conn.), for defendants-appellants.

Alice M. Leonard, New Haven, Conn., New Haven Legal Assistance, Assoc. (Edward Mattison, Technical Assistance Project, Inc., of counsel), for plaintiffs-appellees.

---

Before MANSFIELD and OAKES, Circuit Judges, and BRIEANT, District Judge.*

PER CURIAM:

This class action was brought by plaintiffs in behalf of themselves and "all present and future foster children whose foster care benefits or Title XX social services (42 U.S.C. § 1397) are, or will be, discontinued, terminated, suspended, or reduced by the State of Connecticut." Defendants are the Commissioner of the Department of Children and Youth Services, and the Commissioner of the Department of Social Services of the State of Connecticut. Class certification was granted pursuant to Rule 23(b)(2), F.R.Civ.P.

After an evidentiary hearing, the District Court found that plaintiffs showed a probable likelihood of success on the merits, or at least sufficiently serious questions going to the merits to make them fair ground for litigation. At issue is whether state funded foster care benefits can be reduced or terminated without written notice and a pretermination hearing, where similar federally funded benefits in a reduced amount are available to the foster child on termination. *Cf. Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

The District Court also found that foster children, depending on such benefits for their daily needs, and facing possible unwillingness of the foster parents to continue foster care if payments cease or are reduced, faced a clear likelihood of irreparable injury. These findings were warranted by the record below, and justify grant of the preliminary injunction appealed from. *Sonesta Int'l. Hotels Corp. v. Wellington Associates,* 483 F.2d 247, 250 (2d Cir. 1973).

Accordingly, the preliminary injunction established procedures, pending trial, for adversary departmental evidentiary hearings, upon adequate notice to foster parents, prior to reduction or termination of benefits. Confrontation, cross-examination of adverse witnesses, representation by counsel or a friend before an impartial deci-

sion maker who shall render a written statement of the decision, which gives reasons and summarizes the evidence relied on, was also required.

We express no opinion upon the ultimate merits or scope of relief, which will be resolved by the District Court after a plenary trial. Nor have we considered the effect, if any, on the action, of the subsequent return of the named plaintiffs to their mother's custody, see *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), nor the possibility that further evidence may show different levels of deprivation among subdivisions of the class certified by the court requiring different forms of final relief.

The Order appealed from is affirmed.