**Margaret KELLY, on Behalf of her minor children Kenneth and Wayne KELLY, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 83–5342.

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Aug. 31, 1984.

Gene Reibman, Fort Lauderdale, Fla., for plaintiff-appellant.

Stanley Marcus, U.S. Atty., Miami, Fla., Gabriel E. dePass, Baltimore, Md., for defendant-appellee.

Before RONEY, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

The issue in this Social Security case is whether payments under Connecticut's foster child program to a family raising foster children constitute "regular contributions" toward the children's support. The district court held that they were, and on this basis, denied child's insurance benefits to two foster children. Holding that such payments are contributions toward a child's support under 42 U.S.C.A. § 416(e), we affirm the denial of benefits.

The facts of this case are not in dispute. Margaret Kelly and her husband, Thomas Kelly, operated a home for foster children in Connecticut. In 1966, the State of Connecticut placed the infants, Wayne and Kenneth Hays, in the Kellys' home. The boys have remained in the Kelly household since that initial placement. The State of Connecticut has provided $70.00 a week for the care of the boys under the state's foster care program.

Beginning as early as 1973, the Kellys expressed an interest in adopting Wayne and Kenneth. Three years later, state officials obtained a termination of parental rights from the boys' natural parents so that adoption by the Kellys could be possible. On June 30, 1978, Thomas Kelly died. On July 14, 1978, Margaret H. Kelly applied to the Social Security Administration for child's insurance benefits pursuant to 42 U.S.C.A. § 402(d) for the two children. On July 20, 1978, Margaret Kelly filed an agreement to adopt the two children. A little over a year later, on September 6, 1979, the adoption became final.

The Social Security Act provides insurance benefits to dependent children under the age of majority if a parent who is covered under the Act dies. 42 U.S.C.A. § 402(d). A child adopted after the death of a covered individual is entitled to the same insurance benefits if the child was not "receiving regular contributions toward his support from someone other than [the covered] individual or his spouse, or from any public or private welfare organization which furnishes services or assistance for children." 42 U.S.C.A. § 416(e). The sole issue in this case is whether the payments the Kellys received from Connecticut constituted regular contributions toward the support of the children.

Margaret Kelly contends that the foster care payments fees were paid to foster parents for their services, not regular contributions for child support. As support for this proposition, she cites *Damon v. Secretary of HEW*, 557 F.2d 31 (2d Cir. 1977). The issue in that case was whether foster care payments by the State of Vermont should be counted as support provided by the state or by the person caring for the child. Mr. and Mrs. Damon were raising a foster child and receiving foster care payments when Mrs. Damon became eligible for old age Social Security benefits. Subsequently, the Damons adopted the child. Under section 402(d)(8)(D)(ii) of the Social Security Act, a child adopted by an individual eligible for old age benefits is entitled to child's insurance benefits if among other things the child "was ... receiving at least one-half of his support from that individual ... for the year immediately before the month in which such individual became entitled to old-age insurance benefits...." Over one-half of the Damons' foster child's support was provided by the foster care payments. After reviewing the Vermont law on foster care payments, the Second Circuit held that Vermont foster care payments are the property of the foster parents and thus the Damons provided over one-half of their foster child's support. The court was persuaded by Vermont statutory language describing foster care as a valuable consideration and the practice of Vermont officials of not requiring foster parents to account for the manner in which foster care payments are spent.

An examination of Connecticut law reveals that even if the *Damon* court's property focus is correct, the foster care payments in this case are the property of the foster children. The Connecticut statute on foster care payments provides:

(1) *Expense of care and maintenance.* Said commissioner shall pay directly to person or persons furnishing goods or services determined by said commissioner to be necessary for the care and maintenance of such child the reasonable expense thereof, payment to be made at intervals determined by said commissioner....

Conn.Gen.Stat. § 17–62(e). This statute clearly links the amount of foster care payments to the needs of the foster child. The payments are received for the child's support.

In a carefully reasoned opinion, a federal district court in Connecticut has determined that foster children have a property interest in foster care payments. *Sockwell v. Maloney*, 431 F.Supp. 1006, 1012 (D.Conn.1976), *aff'd per curiam*, 554 F.2d 1236 (2d Cir.1977). That court noted: "foster children depend on foster care payments for their living essentials. Foster parents obligate themselves to care for these children on the assurance that they will receive support from the state." *Id.*

Since Connecticut's foster care payments are regular contributions toward their support from a public welfare organization, Kenneth and Wayne Kelly are not entitled to child's insurance benefits under the Social Security Act.

AFFIRMED.