817 F.2d 453
 17 Soc.Sec.Rep.Ser. 706, Unempl.Ins.Rep. CCH 17,362
Lois PULLEY for Susan PULLEY, Plaintiff-Appellant,
v.
Otis R. BOWEN, M.D., Secretary of Health and Human Services,
Defendant- Appellee.
 No. 86-1647.
 United States Court of Appeals,
Seventh Circuit.
 Submitted March 19, 1987.
Decided April 29, 1987.
 
 John W. Campbell, Biddinger & Johnson, Marion, Ill., for plaintiff-appellant.
 James G. Richmond, U.S. Atty's. Office, Hammond, Ind., Christina McKee, Asst. U.S. Atty., Fort Wayne, Ind., Donald T. McDougall, Regional Counsel, HHS, Chicago, Ill., for defendant-appellee.
 Before CUMMINGS, FLAUM, and EASTERBROOK, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Social Security Act provides insurance benefits to dependent minor children (both natural and adopted) if a parent who is covered under the Act dies. 42 U.S.C. Sec. 402(d). A child adopted by the surviving spouse within two years of the insured's death is entitled, with one exception, to the same benefits. 42 U.S.C. Sec. 416(e). This lawsuit involves the exception which disqualifies a child from receiving benefits if at the time of the insured's death, the child "was receiving regular contributions toward [her] support from ... any public or private welfare organization which furnishes services or assistance for children." Id. Susan Pulley, through her adoptive mother, Lois Pulley, the plaintiff-appellant, argues that the $3.00 per day which she received from the Grant County, Indiana, Department of Public Welfare, does not constitute a "regular contribution" for purposes of the statute. We disagree and therefore affirm the district court's action in upholding the Secretary's decision to deny benefits.
 
 
 2
 Appellant Pulley contends that contributions cannot be "regular" unless they are also substantial and, she argues, $3.00 per day is not substantial. Her argument, however, contradicts the plain language of the statute which contains no requirement that the payments must be substantial. Neither the legislative history nor the implementing regulations, which essentially mirror the statute, provide any support for appellant's argument. The legislative history indicates that the chief concern of the House and Senate committees appears to have been only to withhold benefits from an individual who received support from outside the adoptive family. See S.Rep. No. 2388, 85th Cong., 2d Sess. (1958); H.Rep. No. 2288, 85th Cong., 2d Sess. (1958), U.S.Code Cong. & Admin.News 1958, p. 4218. The legislative history is completely consistent with the language of the statute.
 
 
 3
 It is true that the statute may occasionally yield seemingly unfair results because an individual who received only minimal outside support will be disqualified from receiving benefits. Perhaps this is why, for a time, the Social Security Administration appeared to modify, through the Social Security Administration Program Operations Manual, the language of the statute to require an investigation into the amount rather than just the regularity of the payments. The Secretary, however, never adopted that view in implementing regulations, see 20 C.F.R. Sec. 404.362(c)(1), and therefore the view expressed in the manual is not binding and cannot be considered by this Court. See Schweiker v. Hansen, 450 U.S. 785, 789, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685 (1981) (manual has no legal force; it is not a regulation and does not bind the Secretary). To the extent that the statute might yield unfair results, it is a cost that Congress was willing to accept as part of administering a large social insurance program. It is a policy decision that the courts must enforce.
 
 
 4
 Appellant cites Stowers v. Finch, 323 F.Supp. 863 (E.D. Cal.1971), which "[read] the term 'regular contribution' to mean 'substantial contribution.' " Id. at 864. The Stowers court did so, however, only to avoid addressing the Stowers' claimant's argument that the statute was unconstitutional. The claimant there argued that the statute unconstitutionally presumed that because an insured received regular outside contributions, his death would not result in any loss of support for his child. The court did not have to determine whether contributions in the case were substantial and, after reading the statute to avoid the claimant's constitutional argument, granted summary judgment to the Secretary. Because subsequent Supreme Court decisions have established that the constitutional argument made by the claimant in Stowers was meritless, see Bowen v. Owens, --- U.S. ----, 106 S.Ct. 1881, 90 L.Ed.2d 316 (1986); California v. Jobst, 434 U.S. 47, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977); Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the reasoning of Stowers is not applicable to this case. We therefore decline to follow Stowers.
 
 
 5
 Although both parties cite Kelly v. Heckler, 740 F.2d 881 (11th Cir.1984), and Tsosie v. Califano, 630 F.2d 1328 (9th Cir.1980), cert. denied, 451 U.S. 940, 101 S.Ct. 2022, 68 L.Ed.2d 328 (1981), these cases are not persuasive authority even in their respective circuits because in neither case was the "substantiality" issue contested by the parties. See Glidden v. Chromalloy American Corp., 808 F.2d 621, 625 (7th Cir.1986) (issues not brought to a court's attention must be treated as open when their significance is recognized). In summary, the case law does not support appellant's argument and, in any event, we are obligated to follow a clear statute, whose meaning is reinforced by an unambiguous regulation and a legislative history that lacks any indication that the Congress did not say what it meant.
 
 
 6
 AFFIRMED.