713 F.2d 520
 2 Soc.Sec.Rep.Ser. 386
 William E. LESCHNIOK, Roger G. Doucet, and Michael Calvin,
individually and on behalf of others similarly
situated, Appellants,
v.
Margaret O. HECKLER*, in her official
capacity as Secretary of Health and Human
Services, Appellee.
Nos. 82-5676, 82-6065.
 United States Court of Appeals,
Ninth Circuit.
 Argued Jan. 14, 1983.
Submitted Feb. 7, 1983.
Decided Aug. 18, 1983.
 
 Edward M. Ober, Kenneth L. Schorr, Phoenix, Ariz., for appellants.
 Dennis Mulshine, Deputy Regional Counsel, San Francisco, Cal., for appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before GOODWIN and SNEED, Circuit Judges, and REED**, District Judge.
 GOODWIN, Circuit Judge:
 
 
 1
 William E. Leschniok, Roger G. Doucet, and Michael Calvin brought this action, individually and on behalf of others similarly situated, challenging the Secretary of Health and Human Services' allegedly illegal method of terminating Social Security Disability Insurance (SSDI) benefits. The claimants appeal a district court denial of their application for preliminary injunction.
 
 
 2
 * Claimants claim that the Secretary violated 42 U.S.C. § 425(b) of the Social Security Act. The statute provides that the Secretary shall not terminate or suspend a recipient's disability benefits upon cessation of the recipient's physical or mental impairments if (1) the recipient is participating in an approved vocational rehabilitation program, and (2) the Commissioner of Social Security determines that continuation of the program will increase the likelihood that the person may be permanently removed from the disability benefit rolls. 42 U.S.C. § 425(b). See Senate Committee Report No. 96-408, 96th Cong.2d Sess. at 48-49; 1980 U.S.Code, Cong. & Adm.News at 1277, 1326-1328.
 
 
 3
 All three claimants had been receiving disability benefits and were enrolled in approved vocational rehabilitation programs. The Social Security Administration did not investigate whether any of the claimants met the statutory criteria for continued benefits under 42 U.S.C. § 425(b). The Secretary terminated disability benefits to the three claimants because of alleged medical improvement.
 
 
 4
 Leschniok, Doucet and Calvin appealed their terminations to the agency. In hearings before the agency, administrative law judges affirmed the termination of benefits to Leschniok and Calvin after finding that the two claimants had improved medically. The administrative law judges did not, however, apply 42 U.S.C. § 425(b). The Office of Hearings and Appeals in San Francisco had instructed the administrative law judges to ignore this section. In Doucet's appeal to the agency, he was not permitted to raise § 425(b). However, the administrative law judge found that he had not improved medically and was still disabled within the meaning of the Act. Because no case or controversy presently exists in his claim, Doucet's appeal is dismissed.
 
 
 5
 None of the claimants administratively appealed the decision of the administrative law judges. Instead, the claimants filed this action in district court as a class action, alleging that the Secretary terminated their disability benefits without applying § 425(b). The claimants requested declaratory relief and preliminary and permanent injunctions restraining the Secretary from terminating disability benefits to individuals participating in vocational rehabilitation programs without first determining whether § 425(b) requires that disability benefits be continued. The claimants also requested a preliminary injunction requiring the Secretary to provide disability insurance benefit payments pending completion of this litigation.
 
 
 6
 The district court found jurisdiction under 28 U.S.C. § 1361, which permits a federal court to compel officers of the United States to perform their duties. The district court, as noted, however, denied the claimants' motion for a preliminary injunction.
 
 II
 
 7
 Although not argued or briefed on appeal by either party, an important jurisdictional question overhangs this case. The claimants' failure to appeal the administrative law judges' decision through the administrative system creates some doubt about proper jurisdiction in the district court. The district court found jurisdiction under 28 U.S.C. § 1361. We affirm.
 
 
 8
 Section 1361 authorizes a court to compel a federal official to perform a duty where the duty is clear and certain, and the duty is ministerial and so plainly prescribed as to be free from doubt. Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1980), citing Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970). However, several cases call into question whether § 1361 can be so plainly applied.
 
 
 9
 In Weinberger v. Salfi, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court interpreted 42 U.S.C. § 405(g) to require that claims regarding social security benefits must be asserted first through the administrative scheme of 42 U.S.C. §§ 405(g) and (h). The Ninth Circuit, in RoAne v. Mathews, 538 F.2d 852 (9th Cir.1976), and Baker v. Mathews, 538 F.2d 855 (9th Cir.1976), held that 28 U.S.C. § 1361 does not provide jurisdiction to review claims for refunds under the Social Security Act. The claims could be addressed only via § 405(g) after exhaustion of administrative remedies.
 
 
 10
 RoAne and Baker do not detain us because the claimants here seek not payment from the Secretary's funds as in those cases, but rather seek thoughtful consideration by the Secretary of all relevant laws which Congress enacted to administer the social security system. Whether faithful application of the statutes results in payment of funds is a decision entrusted, at least initially, to the sound judgment of the Secretary.
 
 
 11
 The relevant issue in Salfi was whether jurisdiction could exist when the plaintiffs, as here, failed to exhaust all administrative remedies. As in Salfi, however, we take the Secretary's failure, on appeal, to challenge the jurisdiction of the court, to concede for the purposes of this litigation that the administrative law judges' determinations are final and appealable under 42 U.S.C. § 405(g). Salfi, 422 U.S. at 767, 95 S.Ct. at 2467.
 
 
 12
 We also find 28 U.S.C. § 1361 an independently adequate ground for jurisdiction. See Elliott v. Weinberger, 564 F.2d 1219, 1225 n. 8a (9th Cir.1977), aff'd in part, rev'd in part on other grounds, Califano v. Yamasaki, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1978) (28 U.S.C. § 1361 and 42 U.S.C. § 405(g) are independent grounds for jurisdiction in review of constitutional challenges which do not directly seek payment of social security benefits.) As in Elliott, id. at 1226, the question presented here is strictly constitutional: has the Secretary, in exercising the delegated authority of the President, heeded the constitutional command that "he shall take Care that the Laws be faithfully executed"? United States Constitution, Article II, § 3, clause 4. This case and Elliott thus differ from Salfi in that they constitute challenges to the execution of constitutional duties.
 
 III
 
 13
 The Secretary has violated the laws of the United States. Title 42 U.S.C. § 425(b) states, in relevant part, and in relatively plain English:
 
 
 14
 "... payment to an individual of benefits based on disability ... shall not be terminated or suspended because the physical or mental impairment ... has or may have ceased, if--(1) such individual is participating in an approved vocational rehabilitation program ..., and (2) the Commissioner of Social Security determines that the completion of such program, or its continuation for a specified period of time, will increase the likelihood that such individual may ... be permanently removed from the disability benefit rolls."
 
 
 15
 Simply stated, the Secretary has chosen not to recognize this provision as law. It is true that continuation of benefits during the rehabilitation period draws down the public fisc; however, equally clear is the statutory command that such benefits shall be paid if the Commissioner of Social Security determines that completion of the rehabilitation program will increase the likelihood that the claimant may be permanently removed from the benefit rolls. To order agency administrative law judges to ignore this express statutory command not only contravenes the rule of law, but is also shortsighted as a matter of fiscal management. Even if the Secretary looks only to economy as the standard, maintaining benefits so that the claimant can continue in the rehabilitation program may ultimately benefit the taxpayers. After termination of disability benefits, claimant Leschniok has applied for aid to families with dependent children. Claimant Calvin has applied for Arizona general assistance.
 
 IV
 
 16
 Because the claimants have stated a prima facie case, and are likely to prevail on the merits, we proceed to consider the other factors which indicate whether the district court abused its discretion in failing to issue a preliminary injunction: (1) did the moving party show a likelihood of irreparable injury; (2) would the injury to the movant outweigh the injury to the other party; and (3) does the relief serve the public interest? See Los Angeles Memorial Coliseum Com'n v. Nat. Football, 634 F.2d 1197, 1200 (9th Cir.1980).
 
 Irreparable Injury
 
 17
 The Secretary asserts that the claimants "have not made the requisite showing of the likelihood of injury due to the loss of their benefits. They are in exactly the same situation as the many others the Secretary terminates from the rolls due to cessation of disability and experience all the normal hardships of the loss of benefits." The Secretary also argues that because a money judgment eventually can make the claimants whole, their injuries are not irreparable.
 
 
 18
 Claimant Leschniok and his family received approximately $900 per month in disability benefits. After the termination of the benefits, his family lost its entire social security disability income and survived on $244 a month, which it received in aid to families with dependent children. The Leschniok family moved from its apartment because it could not afford the rent and even after moving to a less expensive apartment, the AFDC was not enough to cover expenses. Without the disability benefits, claimant Leschniok could not afford to pay the costs of rent, utilities and food. He also could not afford the costs of transportation to and from his vocational rehabilitation classes and considered discontinuing his program. Because the district court denied the claimants' application for preliminary injunction and quashed the temporary restraining order, and this court denied the claimants' emergency motion for injunctive relief during the pendency of appeal, claimant Leschniok's disability benefits have again been terminated. His family has once again been forced to apply for aid to families with dependent children.
 
 
 19
 Before his benefits were terminated, claimant Calvin received approximately $475 per month from the Social Security Administration. After the benefits were terminated, his entire monthly income consisted of $113 a month that he received from Arizona's general assistance program. Because of claimant Calvin's financial condition, he was forced to move from his residence to a home occupied by his aunt, uncle and cousins. Most of his $113 a month went towards rent that he paid to his relatives. Like claimant Leschniok, he too did not have the money to pay for transportation and almost discontinued his vocational rehabilitation classes. His progress in his vocational rehabilitation program stalled because of his deteriorating psychological state. Since the July 15, 1981, order denying the claimants' application for preliminary injunction, claimant Calvin's benefits have been terminated. He has applied for general assistance, but at present has no income.
 
 
 20
 In each case, termination brought real hardship, and, we may note, a shift of the welfare burden from one program to another, from primarily federal to primarily state sources of funds. We fail to comprehend the Secretary's argument that financial compensation at some future date, should the claimants survive and prevail, mitigates the hardship which is visited upon claimants and their families each and every day. We are not impressed with the Secretary's attempted justification: that no hardship exists here because "[T]hey are in the same situation as the many others the Secretary terminates...." The Secretary's argument, that many wrongs will make a right, should be addressed to Congress.
 
 Balance of Hardships
 
 21
 The Secretary states that "[f]or the court to grant claimants' application for an injunction would be extremely disruptive to the Secretary's administrative processes ..."
 
 
 22
 The Secretary's dissatisfaction with an existing law should be ventilated in the halls of Congress, not in this court.
 
 The Public Interest
 
 23
 Congress defined the public interest when it mandated that the Commissioner of Social Security shall take into consideration whether continuation of benefits during the rehabilitative period will increase the likelihood that the person may be permanently removed from the disability rolls.
 
 V
 
 24
 Title 28 U.S.C. § 2412 limits the awarding of court costs and attorneys' fees to a compensatory level only.
 
 
 25
 Reversed and remanded with instructions to grant the injunctive relief with costs and attorneys' fees.
 
 SNEED, Circuit Judge, Concurring:
 
 26
 I concur in Judge Goodwin's opinion. I only write separately to suggest the possibility that the Secretary, faced with a statute not reflecting what she perceived was the intent of Congress, sought to act to further that perceived intent while not abiding by the letter of the statute. If this is what happened, and I am by no means sure that it was, the Secretary has only done what many administrators have done from time to time, and our insistence that the plain meaning of the statute be followed is only what many courts from time to time have done, should have done, and hereafter ought to do. Thus, whether, as Judge Goodwin suggests, the Secretary was motivated only by a desire to protect the fisc, or by a desire to conform to the perceived intent of Congress, or by a bit of both, our duty to enforce the statute as written is inescapable. As time-consuming and laborious as it might be, the Secretary must go to Congress to obtain a clarifying amendment should she wish to act as, perhaps, she perceives Congress intended.
 
 
 
 *
 Secretary Margaret O. Heckler is substituted for her predecessor pursuant to Federal Rule of Appellate Procedure 43(c)
 
 
 **
 The Honorable Edward Cornelius Reed, Jr., United States District Judge for the District of Nevada, sitting by designation