**Susan M. SANCHES, Plaintiff,**

v.

**Louis J. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 89 C 7003.**

United States District Court, N.D. Illinois, E.D.

April 24, 1990.

---

Deborah Spector, Ellyn Hershman, Spector & Lenz, P.C., Chicago, Ill., for plaintiff.

Ira H. Raphaelson, Interim U.S. Atty. by James A. Shapiro, Donna Morros Weinstein Chief Counsel, Region V Department of Health and Human Services, by John E. Bizot Assistant Regional Counsel Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g),

plaintiff filed this action seeking reversal of the defendant's decision denying her claim for child insurance benefits under the Act. This order concerns the parties' cross-motions for summary judgment. For the reasons stated herein, defendant's motion for summary judgment is granted; plaintiff's motion is denied.

## FACTS

Plaintiff Susan M. Sanches, who suffers from both mental and physical impairments, is the twenty-seven-year-old daughter of Warren Fencl. On January 4, 1986, she married James A. Sanches, a recipient of Social Security disability benefits. Subsequent to plaintiff's marriage, her father retired and applied for Social Security retirement benefits. On March 18, 1988, plaintiff applied for child insurance benefits as the dependent of her father. Defendant Louis J. Sullivan, the Secretary of Health and Human Services ("the Secretary"), denied plaintiff's application for child's benefits. In denying plaintiff's claim, the Secretary specifically relied on § 202(d)(1) of the Act, which provides:

Child's insurance benefits

(1) *Every child ... of an individual entitled to old-age ... benefits, ... if such child—*

(A) has filed an application for child's insurance benefits,

(B) *at the time such application was filed was unmarried* and (i) either had not attained the age of 18 or was a full-time elementary or secondary school student and had not attained the age of 19, or (ii) is under a disability ... which began before he attained the age of 22, and

(C) was dependent on such individual —(i) if such individual is living, at the time such application was filed ...

*shall be entitled to a child's insurance benefit ...*

42 U.S.C. § 402(d)(1) (Emphasis added). Section 202(d)(1) is implemented at 20 C.F.R. § 404.350, as follows:

*You are entitled to child's benefits on the earnings record of an insured per-*

*son who is entitled to old-age or disability benefits if—*

(a) You are the insured person's child ...;

(b) You are dependent on the insured ...;

(c) You apply ...;

(d) *You are unmarried;* and

(e) You are under age 18, you are 18 years old or older and have a disability that began before you became 22 years old, or you are 18 years or older and qualify for benefits as a full-time student ...

(Emphasis added). Based on the express language of § 202(d)(1), as interpreted in 20 C.F.R. § 404.350, the Secretary denied plaintiff's application for child's benefits because she was married at the time of her application.

## DISCUSSION

■ Plaintiff's complaint attacks the Secretary's decision on two grounds. She first argues that the Secretary misinterpreted the provisions of the Act. Specifically, she contends that when § 202(d)(1) is read in conjunction with § 202(d)(5), she is entitled to child's benefits. Section 202(d)(5) reads:

In the case of a child who has attained the age of eighteen and who marries ..., such child's entitlement to benefits under this subsection shall, notwithstanding the provisions of paragraph [202(d)(1)], ... not be terminated by reason of such marriage.

Plaintiff claims that under § 202(d)(5), her right to receive to child's benefits was not cut off when she married. She therefore contends that the Secretary should have awarded her child's benefits even though she was married when she applied for such benefits.

The court rejects plaintiff's construction of the Act. Plaintiff interprets § 202(d)(5) as stating that her marriage does not terminate her *eligibility* for child's benefits, but that is not what the statute says. Section 202(d)(5) plainly states that a child's marriage does not terminate her *entitlement* to child's benefits. Being entitled to benefits is quite different from merely being eligible for them. To be eligible for benefits, an individual must simply "meet all the requirements for entitlement to benefits for a period of time" but "not yet applied." *See* 20 C.F.R. § 404.303. To be entitled to benefits, however, an individual must have "applied" and "proven his right to benefits for a period of time." *Id. See also* § 202(d)(1)(A) (which makes application for child's benefits the first requirement for entitlement such benefits). Plaintiff, because she never applied for child's benefits prior to her marriage, never established any entitlement to them. As a result, she has no right to receive child's benefits pursuant to § 202(d)(5), because that provision only allows for the continuation of an already-existing entitlement to benefits. On its face, § 202(d)(5) does not create any entitlement to benefits where none previously existed. Therefore, the Secretary properly denied plaintiff's claim for child's benefits pursuant to the express provisions of the Act.

■ Plaintiff alternatively argues that if the Secretary's construction of the Act is correct, then the Act violates the equal protection component of the due process clause of the Fifth Amendment. She points out that under the Secretary's interpretation, if an individual applies for child's benefits and is declared eligible to receive them right before she marries, then she continues to receive child's benefits even after her marriage. On the other hand, if the same individual waits until just after her marriage to apply for child's benefits, she is denied those benefits throughout her marriage. Plaintiff argues that this distinction—basing entitlement to child's benefits on the timing of the child's marriage—is wholly irrational. Therefore, she argues that § 202(d) must be struck down as unconstitutional, even when it is judged under the rational basis standard.

Plaintiff's argument is not supported by the case law. In *Califano v. Jobst*, 434 U.S. 47, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977), plaintiff Jobst challenged § 202(d)(5) when his child's benefits were terminated as the result of his marriage to an individual who

was not entitled to benefits under the Act. Pursuant to the express language of § 202(d)(5), if Jobst had married an individual who *was* entitled to federal benefits, his child's benefits would not have been terminated. Jobst claimed that the distinction drawn by § 202(d)(5)—basing an individual's continued entitlement to child's benefits on *who* the individual marries—was irrational. In rejecting Jobst's claim, the Court stated:

> Instead of requiring individualized proof on a case-by-case basis, Congress has elected to use simple criteria, such as age and marital status, to determine probable dependency.... [T]here can be no question about the validity of the assumption that a married person is less likely to be dependent on his parents for support than one who is married.... [I]t was rational for Congress to assume that marital status is a relevant test of probable dependency ...

*Id.* at 52–54, 98 S.Ct. at 98–100. Thus, the Court clearly sanctioned Congress' practice of distinguishing between unmarried persons and married persons for the purpose of awarding child's benefits under the Act. The Court then went one step further—it approved of Congress' decision to allow child's benefits to continue to some persons who marry but not others, so long as the distinction is rational.

The Court found that the aspect of § 202(d)(5) which Jobst challenged—making an individual's entitlement to benefits after marriage contingent on whether he marries a recipient of federal benefits—is based on "a reliable indicator of probable hardship." *Id.* at 56–57, 98 S.Ct. at 100–01. Therefore, the Court ruled that the provision was sufficiently rational to withstand constitutional scrutiny. *Id.* at 58, 98 S.Ct. at 101.

In the instant case, the aspect of § 202(d)(5) which plaintiff challenges is that it allows child's benefits to continue after the child's marriage only if the child is actually receiving them at the time he marries. Under *Jobst*, this court must enforce that aspect of § 202(d)(5) if it is based on "a reliable indicator of probable hard-

ship." The court finds § 202(d)(5) satisfies that test. Section 202(d)(5) prevents the hardship which would occur if child's benefits which a child is actually receiving are terminated when the child gets married. Termination of the benefits at that point would create undue hardship because the child had been relying on those benefits as a means of support. Those hardship concerns are arguably not implicated when, as in this case, the child has never begun receiving benefits, because then the child never relied on the benefits for support.

Plaintiff claims § 202(d)(5) is irrational because it bases entitlement to benefits solely on the timing of her marriage. The Seventh Circuit, however, has already rejected that argument with respect to a similar provision of the Act. In *Lindley v. Sullivan*, 889 F.2d 124 (7th Cir.1989), the court upheld a provision basing an adopted child's entitlement to benefits on the timing of his adoption. In *Lindley*, a child who was adopted after his father became entitled to disability benefits was denied child's benefits pursuant to § 208(d)(8) of the Act, 42 U.S.C. § 402(d)(8). The court acknowledged that under § 208(d)(8), the child would have been entitled to child's benefits if he had been adopted *before* his father became entitled to benefits. *Id.* at 126. Nevertheless, the court rejected the child's constitutional challenge to the statute. *Id.* at 132–33.

This court recognizes that the line which § 202(d)(5) draws for determining whether an individual continues to receive child's benefits after her marriage is not a perfect one. However, a provision of the Act does not have to be unimpeachable to pass constitutional muster. Both the Supreme Court and the Seventh Circuit have recognized that general rules which distinguish beneficiaries from nonbeneficiaries may produce some arbitrary or unfair results, but that does not make the general rules unconstitutional. In *Califano*, the Court stated, "General rules are essential if a fund of this magnitude is to be administered with a modicum of efficiency, even though such rules inevitably produce seemingly arbitrary consequences in some individual cases." 434 U.S. at 53, 98 S.Ct. at

99. In *Pulley v. Bowen,* 817 F.2d 453, 454 (7th Cir.1987), the court opined, "To the extent that the [Act] might yield unfair results, it is a cost that Congress was willing to accept as part of administering a large social insurance program. It is a policy decision that courts must enforce." Therefore, despite the arguable imperfections of § 202(d), the court must reject plaintiff's constitutional challenge since a rational basis exists for the distinctions drawn by that provision.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted; plaintiff's similar motion is denied.

IT IS SO ORDERED.