Fay CRANE, Appellee,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellant.

No. 92–3684.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1993.

Decided May 19, 1993.

Joyce Shatteen, Dallas, TX, argued, (Gayla Fuller, on brief) for appellant.

James W. Stanley, Jr., North Little Rock, AR, argued, for appellee.

Before FAGG and MAGILL, Circuit Judges, and PECK,* Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

The Secretary of Health and Human Services appeals from an order of the district court[1] which granted summary judgment to plaintiff-appellee Fay Crane, thereby reversing the Secretary's decision denying disability insurance benefits to Fay Crane and remanding for consideration of plaintiff's substantive claim of disability. We reverse.

## I.

Fay Crane filed her application for adult child's insurance benefits on July 27, 1989, at age 45, alleging disability due to depression, a low I.Q., glaucoma, and other physical and emotional limitations. She filed on the account of her father, Dawson Ray Spaulding, who at the time the application was filed, was a fully insured individual receiving Social Security retirement benefits.

Plaintiff Crane was married on December 28, 1968 and her marriage has not ended. Mr. Charles E. Crane, her husband, applied for SSI disability benefits on December 1,

---

\* The HONORABLE JOHN W. PECK, Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

1. The Honorable Jerry W. Cavaneau, Magistrate Judge, United States District Court for the Eastern District of Arkansas.

1978 and became entitled to benefits effective on that date. Mr. Crane also applied for and began receiving Title II Social Security disability benefits effective February 1979.

The State Agency and the Social Security Administration denied Crane's application for adult child's benefits initially and on reconsideration. Following a *de novo* hearing before an administrative law judge, Crane's application for benefits was again denied based upon the fact that she was married at the time of her application, and that decision became the final decision of the Secretary. Crane then filed a complaint in federal district court seeking review of the Secretary's final decision pursuant to 42 U.S.C. § 405(g). Upon consent of the parties, the case was referred to a magistrate judge for final disposition.

## II.

■ The issue for review is a question of statutory interpretation which is reviewed *de novo*. *Department of Social Services v. Bowen*, 804 F.2d 1035, 1037 (8th Cir.1986). On cross-motions for summary judgment, the district court reviewed two key provisions of the Social Security Act and interpreted them as entitling Crane to benefits if she can prove her claim of disability. We reverse the district court because the court failed to give appropriate deference to the Secretary's longstanding interpretation of the statutory provisions at issue. *See Bowen*, 804 F.2d at 1037. In reviewing an agency interpretation of a statutory provision, the Supreme Court has said that if a

> statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.... [A] court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.

*Young v. Community Nutrition Institute*, 476 U.S. 974, 980, 106 S.Ct. 2360, 2364, 90 L.Ed.2d 959 (1986) (quoting *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984)). In this case, we find the Secretary's interpretation to be both reasonable and based upon a permissible construction of the statutes at issue.

The key provisions are sections 202(d)(1) and 202(d)(5) of the Social Security Act, 42 U.S.C. §§ 402(d)(1), 402(d)(5). Section 402(d)(1) provides, in relevant part, that a child of an individual entitled to retirement or disability benefits is also entitled to "child's insurance benefits" if the child:

(A) has filed [an] application for child insurance benefits,

(B) *at the time such application was filed was unmarried* and

(i) either had not attained the age of 18 or was a full-time elementary or secondary school student and had not attained the age of 19, or

(ii) *is under a disability ... which began before he attained the age of 22,* and

(C) was dependent upon such individual—

(i) if such individual is living, at the time such application was filed, [or]

(ii) if such individual has died, at the time of such death....

(emphasis added). Entitlement to such benefits ends when "such child dies, or marries." 42 U.S.C. § 402(d)(1)(D). Section 402(d)(5) further provides in relevant part:

> In the case of a child who has attained the age of eighteen and who marries—
>
> (A) an individual entitled to benefits [under specific subsections of the Act] ... or
>
> (B) another individual who has attained the age of eighteen and is entitled to benefits under this subsection,

such child's entitlement to benefits under this subsection *shall, notwithstanding the provisions of paragraph (1) of this subsection* but subject to subsection (s) of this section, *not be terminated by reason of such marriage.*

(Emphasis added). An accompanying regulation, 20 C.F.R. § 404.350(d), also states that to be entitled to benefits, the claimant must be unmarried.

The district court held that § 402(d)(1)'s prohibition against married applicants is limited by § 402(d)(5). Thus, the court held that Crane would be eligible for benefits, assuming proof of disability, even though she was married at the time of her application.

By contrast, the Secretary asserts that § 402(d)(5) applies only to those applicants who are already receiving child's insurance benefits, to prevent the termination of those benefits if the claimant marries another disabled person. According to the Secretary, § 402(d)(5) does not operate to create an entitlement to benefits if a person marries prior to applying for benefits. Thus, the Secretary concludes that child's insurance benefits are available to an otherwise eligible applicant only if he or she applies prior to marriage.

██ The Secretary's interpretation is based upon a permissible construction of the two provisions, and is supported by legislative history. Congressional reports indicate that the purpose of § 402(d)(5) is to prevent termination of benefits to a secondary beneficiary when he or she marries another beneficiary in order to prevent undue hardship, even though ordinarily child's insurance benefits are to be cut off once a dependant child marries. *See* S.Rep. No. 2133, 84th Cong., 2d Sess. (1956), *reprinted in* 1956 U.S.C.C.A.N. 3877, 3909; S.Rep. No. 2388, 85th Cong., 2d Sess. (1958), *reprinted in* 1958 U.S.C.C.A.N. 4218, 4233; H.R.Rep. No. 2288, 85th Cong., 2d Sess., 18 (1958), *reprinted in* 1958 U.S.C.C.A.N. 4218, 4233; *see also Califano v. Jobst*, 434 U.S. 47, 51 n. 6, 98 S.Ct. 95, 98 n. 6, 54 L.Ed.2d 228 (1977). In this case, there would be no undue hardship caused by the Secretary's interpretation because Crane has never received child's insurance benefits and has not been relying on them for support.

Not only is the Secretary's interpretation a reasonable one, it is a longstanding one. The Secretary's interpretation is consistent with Social Security Ruling 73–18c, which is based upon *Judkins v. Richardson*, No. 72–62 (D.Oregon 1972), Unemployment Insurance Reporter (CCH) ¶ 16,903, 1972 WL 3966. In *Judkins*, the court held that the claimant was not protected by the exception set out in § 202(d)(5) because it applies only to termination of benefits, rather than initial entitlement. A similar conclusion was reached by the district court in *Sanches v. Sullivan*, 735 F.Supp. 286 (N.D.Ill.1990). In that case, the

court held that the claimant's marriage cut off her *eligibility* for benefits under (d)(1), even though the marriage would not have terminated any pre-existing *entitlement* to benefits under (d)(5). The court further held that (d)(5) only permits the continuation of an already-existing entitlement and does not create any entitlement to benefits where none previously existed.[2]

Because we find the Secretary's longstanding interpretation to be reasonable and entitled to deference, we REVERSE the judgment of the district court and remand the case to the district court for entry of judgment in favor of the Secretary in accordance with this opinion.

---

**2.** *But see Herzberg v. Finch*, 321 F.Supp. 1367, 1368 (S.D.N.Y.1971). Although *Herzberg* contains language which favors Crane's interpreta-

tion, it is not directly on point and was decided prior to both *Judkins* and *Sanches*.