995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph H. EVANS, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary, Defendant-Appellee.
 No. 92-36823.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Joseph H. Evans appeals the district court's grant of summary judgment in favor the Secretary of Health and Human Services (Secretary), finding that Evans was not disabled prior to the expiration of his insured status on December 31, 1987, and therefore not entitled to benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-403 (Title II). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). We will not disturb the Secretary's decision to deny benefits if it is supported by substantial evidence and free of legal error. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).
 
 Background
 
 4
 In June 1980, Evans injured his right shoulder in an industrial accident. Following surgery, he returned to work and remained until August 1982. Continuing shoulder problems required further surgery in December 1982. From early 1983 until March 1986, Evans was imprisoned. After his release, Evans continued to experience shoulder pain and consulted Dr. Johnson. Dr. Johnson informed Evans that the shoulder had a rotator cuff tear which required surgery. In August 1986, Evans had surgery to repair the tear and to remove some hardware from a previous surgery.
 
 
 5
 From February 3, 1987 through April 7, 1987, Evans was again hospitalized in the Veterans Administration Medical Center (VA) for depression with suicidal tendencies. Upon his discharge, the VA noted that Evans was competent, no longer suicidal, and employable. In May 1987, after a period of physical therapy, Dr. Johnson determined that, although Evans' shoulder prevented him from performing his past heavy duty labor, he should consider vocational rehabilitation as a means of obtaining alternative lines of employment. Evans pursued this goal.
 
 
 6
 In July 1987, a work capacity evaluation showed that Evans was able to perform sustained work activity for thirty minutes; sit for fifteen minutes at a time with minimal pain; stand without significant increase in symptoms; lift, carry, push, and pull forty pounds at a time; and climb stairs, bend, and squat without apparent difficulty. Although Evans complained about shoulder pain, he made no complaints regarding any back pain.
 
 
 7
 In December 1987, Evans began vocational rehabilitation. He received his general equivalency diploma and, in the spring of 1988, enrolled in a local technical center for drafting. In August 1988, Evans complained about back pain. A special chair was prescribed to help alleviate the pain.
 
 
 8
 In August 1989, Evans was hospitalized for stress-related cardiac problems. He was released for psychological counselling on an outpatient basis. On October 7, 1989, Evans filed an application for disability benefits which was denied. The Administrative Law Judge (A.L.J.) determined that Evans was not disabled prior to December 31, 1987, the last date of his insured status under Title II. In November 1989, Evans discontinued vocational rehabilitation based upon a combination of physical ailments and mental disorders. In May 1990, Dr. Gilbert, Evans' treating physician, found that Evans was unable to perform any work-related activities at any exertional level.
 
 Discussion
 A. Twelve-Month Period of Disability
 
 9
 To obtain disability insurance benefits under Title II, a claimant "must demonstrate that he was disabled prior to his last insured date." Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991) (citing 42 U.S.C. § 423(c); 20 C.F.R. § 404.1520). In determining the last insured date, prior periods of disability are excluded. 20 C.F.R. §§ 404.130(f) and 404.320. A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Finally, a claimant must file an application for disability benefits within twelve months after the month in which the period of disability ended. 42 U.S.C. § 416(i)(2)(E). Untimely applications must be denied. Id.
 
 
 10
 Here, it is uncontested that Evans' earning's record indicates that he was insured for disability benefits until December 31, 1987, although his application was not filed until October 1989. Evans claims that a twelve-month period of disability between March 1986 and August 1987 extended his insured status beyond December 31, 1987. Even assuming that Evans was disabled during this time, he was required to file an application for disability benefits by August 1988 in order to extend his insured status date. See 42 U.S.C. § 416(i)(2)(E). Thus, his application was properly denied as untimely. See id.
 
 B. Vocational Rehabilitation
 
 11
 Evans also contends that his participation in vocational rehabilitation in December 1987 should have allowed him to remain eligible for disability benefits beyond his insured status date. This contention is meritless.
 
 
 12
 Payment of benefits based upon a disability shall not be terminated or suspended if an individual is participating in vocational rehabilitation program. 42 U.S.C. § 425(b); 20 C.F.R. § 404.316(c)(1); see, e.g., Leschniok v. Heckler, 713 F.2d 520, 522-23 (9th Cir.1983) (claimants' entitled to preliminary injunction prohibiting the termination of disability benefits following their enrollment in vocational rehabilitation programs, when they previously had been receiving such benefits).
 
 
 13
 Here, the A.L.J. found that Evans was not disabled in December 1987. Thus, Evans' enrollment in vocational rehabilitation did not make him eligible for disability benefits.[1] See 42 U.S.C. § 425(b); 20 C.F.R. § 404.316(c)(1); cf. Leschniok, 713 F.2d at 522-23.
 
 
 14
 Evans further contends that the A.L.J. found a period disability, but failed to determine an onset date for the disability. This contention is frivolous. Because the A.L.J. found no disability, there was no need to make any finding regarding an onset date. Finally, we reject Evans contention that the A.L.J. should be required to make a finding regarding the onset dates of his alleged current disabilities. A finding of disability after the period of eligibility is irrelevant. See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir.1989).
 
 
 15
 The Secretary's finding that Evans was not disabled prior to December 31, 1987 was supported by substantial evidence in the record. See Magallanes, 881 F.2d at 754-55. The district court therefore properly granted summary judgment in favor of the Secretary. See Drouin, 966 F.2d at 1259.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala is substituted for Louis W. Sullivan pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Evans repeatedly emphasizes that, because Dr. Johnson sent him to vocational rehabilitation, rather than returning him to work, he was disabled when he enrolled in the vocational program. This contention is meritless. The work capacity evaluation, completed approximately five months before Evans enrollment in vocational rehabilitation, indicated that he was capable of performing light or sedentary work. A vocational expert then identified a number of light jobs Evans was capable of performing based upon his limitations. Thus, Evans was not disabled for purposes of social security benefits. See Drouin, 966 F.2d at 1258