# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-0355

ANGEL VAZQUEZ-FLORES,                                          APPELLANT,

V.

JAMES B. PEAKE, M.D.,
SECRETARY OF VETERANS AFFAIRS,                    APPELLEE.

Before GREENE, *Chief Judge*, and KASOLD and HAGEL, *Judges*.

## O R D E R

On February 20, 2008, the Secretary filed a motion for panel reconsideration, or in the alternative, en banc review of the Court's opinion in *Vazquez-Flores v. Peake*, 22 Vet.App. 37 (2008). The Secretary contends that reconsideration is warranted because (1) the notice requirements set forth for increased-compensation claims in the opinion would require the Secretary to provide specialized, individualized notice not contemplated by statute or caselaw, and (2) the opinion incorrectly held that the notice error found in this case was prejudicial. For the reasons stated below, the motion for panel reconsideration will be denied.

The Secretary's argument that *Vazquez-Flores* would require him to provide specific, non-generic notice, and essentially preadjudicate increased-rating claims in order to determine what notice is necessary is the same argument he presented in support of his motion to stay the precedential effect of our decision. As we noted in our denial of that request for a stay, this argument reflects "a misunderstanding, indeed a misreading of the holding of *Vazquez-Flores*." *Vazquez-Flores v. Peake* (*VF Order*), __ Vet.App. __, __ No. 05-0355, slip op. at 2 (per curiam order Apr. 3, 2008). Indeed, as we articulated therein:

> An increased disability compensation claim is one in which the underlying disability has been service connected and in which the disability has previously been evaluated under certain, discrete diagnostic codes assigned by the Secretary during the initial adjudication. *See Francisco v. Brown*, 7 Vet.App. 55, 58 (1994) (noting that in an increased-rating claim entitlement to compensation has already been established). Thus, the *Vazquez-Flores* requirement that the Secretary notify an increased-compensation claimant of the criteria necessary for a higher rating contained in a previously assigned or cross-referenced [diagnostic code (DC)] – when that criteria would not be satisfied by the claimant demonstrating that his disability

generally has worsened or adversely affected his occupation and life[1] – does not necessitate an adjudication of the claim prior to providing notice.

Rather, what *Vazquez-Flores* requires is a review of the previously assigned DC and disability rating, and a common-sense assessment whether the criteria for a higher rating under the assigned or a cross-referenced DC includes criteria "that would not be satisfied by the claimant demonstrating a noticeable worsening or increase in severity of the disability and the effect of that worsening . . . on the claimant's employment and daily life (such as a specific measurement or test result)." *See Vazquez-Flores*, [22 Vet.App. at 43].[2] If it does, then general notice of that criteria must be provided to the claimant.

Indeed, in the absence of such notice, the claimant would be unaware that such evidence was crucial to being awarded a higher rating, a result wholly contrary to the stated purpose of section 5103(a). *See Mayfield v. Nicholson*, 444 F.3d 1328, 1333 (Fed. Cir. 2006) ("The purpose of the statute and the corresponding regulation is to require that the VA provide affirmative notification to the claimant prior to the initial decision in the case as to the evidence that is needed and who shall be responsible for providing it."); 146 CONG. REC.

---

1. In all increased-compensation claims the claimant should be notified (1) to provide evidence that his disability has worsened and what impact that has had on his occupation and life, (2) that the disability rating would be based on application of the relevant DC to his condition, and (3) of examples of the types of medical and lay evidence that might be submitted. *See Vazquez-Flores*, [22 Vet.App. at 43-44]. This generic notice requirement is not disputed.

2. In the underlying merits case, Mr. Vasquez-Flores was assigned a 30% disability rating for nephrolithiasis under DC 7508. *See* 38 C.F.R. § 4.115b, DC 7508 [(2007)]. The Court noted that DC 7508 provides only a 30% disability rating but explicitly cross-referenced hydronephrosis (38 C.F.R. § 4.115b, DC 7509) as the applicable DC (except for recurrent stone formation requiring therapy or medical procedures). Further, although DC 7509 also provides only a maximum 30% disability rating, it notes that severe hydronephrosis should be rated as renal dysfunction under 38 C.F.R. § 4.115a, which provides up to a 100% disability rating. Thus, the only way Mr. Vazquez-Flores could be assigned a schedular rating higher than 30% is if his condition warranted a rating under § 4.115a.

Moreover, the underlying opinion notes that some of the criteria needed to support a higher disability rating under § 4.115a are beyond the obvious effects of one's worsening disability and its affect on occupation and life, such as the fact that hypertension rated at 40% warrants a 60% rating for renal dysfunction. [*Vazquez-Flores*, 22 Vet.App. at 47]. Because notice to submit evidence that one's nephrolithiasis had worsened or increased in severity and how it has affected one's occupation and life provides no notice with regard to the fact that a higher rating might be authorized for nephrolithiasis under § 4.115a (e.g., a 60% rating is authorized for renal dysfunction with hypertension rated at 40%), the Court held that section 5103(a) requires that the Secretary notify Mr. Vazquez-Flores of the specific criteria necessary to be awarded the higher ratings. *Id*. This assessment requires nothing other than knowledge of the assigned DC and a review of the criteria for a higher schedular rating so that the veteran can be notified of the information and evidence necessary to substantiate his claim for increased compensation and participate in securing the correct award in the initial adjudication of his claim. *See* 38 U.S.C. § 5103(a); *Mayfield v. Nicholson*, 444 F.3d 1328, 1333 (Fed. Cir. 2006); 146 CONG. REC. S9212-13.

S9212-13 (Sept. 25, 2000) (statement of Sen. Rockefeller) (notice is intended to ensure that claim is "developed properly the first time the veteran submits an application for benefits" such that it will "lead to expedited decision making and higher satisfaction in the process"). Moreover, the concept of individually tailored notice in limited situations is not new. *See, e.g.*, *Dingess v. Nicholson*, 19 Vet.App. 473, 498 (2006) (holding that the "content of such notice must be defined by a reasonable and liberal reading of the application actually filed"); *Kent v. Nicholson*, 20 Vet.App. 1, 10 (2006) (holding that, for claims to reopen, notice must be provided as to "what evidence would be necessary to substantiate that element or elements … were found insufficient in the previous denial"); *Hupp v. Nicholson*, 21 Vet.App. 342, 352-53 (2007) (holding that, in dependency and indemnity compensation claims, compliant section 5103(a) notice "must be responsive to the particular application submitted").

*VF Order*, __ Vet.App. at __, slip op. at 2-3 (footnotes in original). Accordingly, the Secretary has failed to demonstrate that reconsideration is warranted on these grounds. *See* U.S. VET. APP. R. 35(e)(1) ("[A] motion for . . . reconsideration must state the points of law or fact that the party believes the Court has overlooked or misunderstood.").

The Secretary's second argument, that the underlying opinion incorrectly determined that Mr. Vazquez-Flores was prejudiced by the Secretary's notice error, also fails to meet the criteria for reconsideration. *See* U.S. VET. APP. R. 35(e)(1). The underlying opinion found that the notice Mr. Vazquez-Flores received was incomplete and confusing and determined that the record did not support a finding that he had actual knowledge of what was needed to substantiate his claim or that he otherwise was not prejudiced by the incomplete and confusing notice he received. *Vazquez-Flores*, 22 Vet.App. at 37. The Secretary's motion thus fails to demonstrate that the Court overlooked or misunderstood his arguments. *See* U.S. VET. APP. R. 35(e)(1).

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion for panel reconsideration of the Court's January 30, 2008, decision in *Vazquez-Flores* is denied.

DATED:      May 9, 2008                     PER CURIAM.